

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 20, 1957

Honorable J. W. Edgar　　　　　Opinion No. WW-165
Commissioner of Education
Texas Education Agency　　　　Re: When must a person run-
Austin, Texas　　　　　　　　　　　ning for the State Board
　　　　　　　　　　　　　　　　　　　of Education resign from
　　　　　　　　　　　　　　　　　　　her position as a trustee
　　　　　　　　　　　　　　　　　　　of a local school dis-
Dear Dr. Edgar:　　　　　　　　　trict?

　　　　Your request for an opinion dated May 24, 1957, reads
in part as follows:

　　　　"A person who is currently serving as trus-
tee of an independent school district of this
State is contemplating running for the office of
membership on the State Board of Education. This
person inquired: When must a person running for
the State Board of Education resign from her posi-
tion as a trustee of a local school district:

　　　　"1. At the time she announces as a candi-
date for the State Board of Education?

　　　　"2. At the time of the Democratic Primary?

　　　　"3. At the time of the General Election?

　　　　"4. At the time of taking office as a mem-
ber of the State Board of Education?"

　　　　We understand from your letter that the person posing
the inquiry intends to seek the nomination of the Democratic
Party and then as the nominee of said party, seek election to
the State Board of Education at the next ensuing General Elec-
tion.

　　　　Section 9 of Article 2654-2, Vernon's Civil Statutes,
provides in part as follows:

　　　　"No person who holds an office under the State
of Texas or any political subdivision thereof . . . .
or any person engaged in organized public educa-
tional activity, shall be eligible to serve on said
Board <u>or be elected thereto</u>. . . ."

A school district is a political subdivision of the State. <u>Woodson Independent School District v. State</u>, 130 S.W. 2d 1038 (Tex.Civ.App. 1939). Therefore, a member of a local school board, pursuant to the foregoing statute, cannot serve on or be elected to the State Board of Education. It is clear that this disqualification can be removed by a timely resignation from the school board. The primary question is when must such resignation occur.

We are denied the benefit of any court decisions or prior opinions by this office dealing with the statute here in question or a statute of similar import.

Section 5 of Article 2654-2, provides in part:

"At the <u>general election</u> in 1950 there shall be <u>elected</u>, in conformity with the general election laws of this State, from each of the Congressional Districts, one (1) member of the State Board of Education. . . . At the general election in 1952 and at each <u>general election</u> thereafter, members shall be <u>elected</u>, . . ." (Emphasis added).

The foregoing statute expressly provides that members of the State Board of Education are <u>elected</u> at the general election. On the other hand, it has been held that the primary election is not an election for an office. 15 B Tex.Jur. p. 427; <u>Carter v. Tomlinson</u>, 227 S.W.2d 795; <u>Chandler v. Neff</u>, (D.C. Tex. 1924) 298 F. 515.

Since a person running for the State Board of Education is elected at the general election and Section 9 of Article 2654-2 merely precludes a person from being elected to said board who holds another designated office, it is our view that this disqualification can be removed by a resignation from the latter office at anytime prior to the date of the general election.

## SUMMARY

A person seeking election to the State Board of Education who holds the office of trustee of a local school district, may qualify for election to said

Board by resigning as school trustee at
any time prior to the date of the general
election.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
   Leonard Passmore
   Assistant

LP:zt:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Jas. H. Rogers
John H. Minton, Jr.
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Geo. P. Blackburn